UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JOHNATHAN WILLIAMS

CRIMINAL ACTION

NO. 11-36-JJB

RULING

This matter came before the Court on defendant's motion (doc. 16) to suppress evidence and statements. The United States filed an opposition (doc. 18). A hearing on the motion was held on June 9, 2011.

Defendant is charged with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). In the present motion, defendant seeks to suppress all evidence resulting from the execution of a state search warrant, challenging the sufficiency of the search warrant and supporting affidavit. Defendant also moves to suppress statements of defendant, claiming law enforcement officers failed to provide *Miranda* warnings and that the statements were induced by coercion.

On July 21, 2010, Detective Dohm, Baton Rouge Police Department, obtained a search warrant based on information from an informant as well as an undercover purchase of narcotics from defendant. Officers executed the warrant on July 28, 2010. As the officers approached the residence, they observed defendant and a woman holding a small child, standing in the front yard. When officers exited their vehicle and began their approach, they commanded defendant to show his hands and get down on the ground. According to the

unrefuted testimony of the officers, defendant reached under his shirt, pulled out a firearm and attempted to hand over the firearm to the woman. The firearm dropped to the ground, and the closest officer secured the defendant using a "straight arm bar take down."[1] As a result, defendant sustained a small forehead laceration.

Officers placed defendant in handcuffs, recovered the weapon, and orally advised defendant of his *Miranda* rights. Defendant then admitted that he was a convicted felon and stated that he used the gun for protection. Defendant admitted to selling narcotics and expressed his willingness to cooperate with future narcotics investigations. As a result, defendant was transported to a nearby police station annex, where he entered into a written cooperation agreement. Defendant assisted the police in a narcotics investigation that evening but did not cooperate any further. According to the officers' testimony, after they determined defendant was not going to cooperate further, an arrest warrant was issued and defendant was arrested.

In his motion to dismiss, defendant claims that the search warrant was defective and that all evidence and statements seized should be suppressed. Defendant also claims that his statements to police were obtained through coercion and that he was not informed of his *Miranda* rights. Regarding the validity of the warrant, defendant contends that the affidavit in support of the warrant application was insufficient to establish the reliability of the informant,

---

[1] Doc. 18, p. 3, also supported by officers' testimony at the hearing on June 9, 2011.

that the police did not independently investigate the information in the warrant, and that the warrant was stale when executed. In opposition, the United States asserts that the warrant was valid and that the officers reasonably and in good faith relied on the search warrant.

The Fourth Amendment provides, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Probable cause exists when the facts and circumstances described in the search warrant application lead a person of reasonable caution to believe that a specifically described item subject to seizure will be found in the place to be searched. *See Brinegar v. United States*, 338 U.S. 160, 175-76 (1949). In order to issue a search warrant, a magistrate must determine that probable cause exists based on the totality of the circumstances. *See Bennett v. City of Grand Prairie*, 883 F.2d 400, 404 (5th Cir. 1989). If a search warrant affidavit relies on hearsay from an informant, the magistrate issuing a search warrant "must be informed of the underlying facts and circumstances (1) from which the informant has concluded that the person to be searched is engaged in criminal activities, and (2) from which the affiant has concluded that the informant is credible or his information reliable." *United States v. Hill*, 500 F.2d 315, 318 (5th Cir. 1974). "When the informant's information is corroborated in the affidavit by the independent observations of police officers, however, the affidavit would be sufficient to justify issuance of the warrant." *Polanco v. Estelle*, 507 F.2d 81, 82 (5th Cir. 1975).

In this case, based on the totality of the circumstances, the court finds that sufficient probable cause existed and the search warrant was validly issued.[2] The warrant application with accompanying affidavit included sufficient information regarding the reliability of the informant and of the underlying information. The warrant application detailed the steps taken by the officers to ensure the integrity of the controlled purchase, which further verified the veracity of the informant's information. Additionally, the court is persuaded by the law cited by the United States,[3] and unrefuted by the defendant, that the warrant was not stale when executed.

Defendant further asserts that the statements should be suppressed because defendant was not given his *Miranda* warnings and the statements were purportedly obtained through coercion. A suspect may waive his *Miranda* rights "provided the waiver is made voluntarily, knowingly, and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). In order for incriminating statements to be admissible, the government must show that the defendant was informed of the *Miranda* rights and the waiver was the product of "a free and deliberate choice." *United States v. Collins*, 40 F.3d 95, 98 (5th Cir. 1994). The court finds, based on the unrefuted testimony of the officers at the June 9, 2011 hearing on this matter, and based on defendant's own actions and the surrounding circumstances, that defendant was given his *Miranda* warnings by Sgt. Arnett and that defendant

---

[2] The court also agrees with the United States that, even if the warrant were somehow deemed invalid, the evidence should not be suppressed as the officers acted reasonably and in good faith in relying on the search warrant. *See United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997).

[3] Doc. 18, pp. 5-7.

voluntarily waived his *Miranda* rights. The officers' unrefuted testimony established that defendant reached for a gun and that the officers acted reasonably under the circumstances by using the straight arm bar takedown. There was no evidence or indication that the officers beat defendant or that his subsequent statements were given involuntarily.

Defendant also contends that the police promised defendant he would not be prosecuted if he cooperated and that his statements were therefore coerced by that promise. However, the cooperation agreement signed by defendant directly refutes this assertion. Specifically, the cooperation agreement states:

> I am agreeing to cooperate with the Baton Rouge City Police Narcotics unit of my own free will and accord, and not as a result of any intimidation or threats . . . . I understand that no unit agent may make any explicit promises or predictions regarding the likely disposition of any criminal proceedings that are pending against me, but that unit agents will make their best efforts to arrange a meeting with prosecuting authorities at which time such matters can be discussed and to make known to the appropriate authorities the results of my cooperation.

Additionally, the testimony of the officers involved indicates that no promises were made to defendant in exchange for his cooperation. Defendant has offered no evidence to refute this finding. As such, the court finds that defendant's statements were made voluntarily and were not coerced.

Accordingly, the defendant's motion to suppress (doc. 16) is DENIED.

Signed in Baton Rouge, Louisiana, on July 5, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**